UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____
                                        :
**R. ALEXANDER ACOSTA**, Secretary      :
of Labor, United States Department of   :
Labor,                                  :
                                        :
                   Plaintiff,   :   Civil Action No.  18-CV-509
                                        :
      v.                                :
                                        :
**ADHERENCE FINISHING, INC.,**          :
**CRAIG SWANSON, Individually**,        :
**and SCOTT SWANSON, Individually,**    :
                                        :
                 Defendants.   :
                                        :
_____  :

## **COMPLAINT**

      Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action for injunctive and other relief pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970 ("the Act"), 29 U.S.C. § 660(c).

**I.**

      Jurisdiction of this action is conferred upon the Court by Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

**II.**

      (a)    Defendant Adherence Finishing, Inc. ("Defendant Adherence") is a corporation, organized under the laws of the State of Wisconsin, and at all material times, maintained a place of business at 2267 80th Street, New Richmond, WI 54017, and has been engaged in the business of metal finishing and painting, within the jurisdiction of this Court.

(b)    Defendant Craig Swanson is a resident of the State of Wisconsin and the General Manager of Defendant Adherence.

(c)    Defendant Scott Swanson is a resident of the State of Wisconsin and a Manager of Defendant Adherence.[1]

(d)    Defendants were, at all times material herein, "persons," as defined by section 3(4) of the Act, 29 U.S.C. § 652(4), and "employers," as defined by section 3(5) of the Act, 29 U.S.C. § 652(5).

### III.

(a)    Jason Longfellow ("Mr. Longfellow") was employed by Defendants from about March or April 2016 to June 27, 2016, as a mechanic at Defendants' workplace located at 2267 80th Street, New Richmond, WI 54017.

(b)    Mr. Longfellow was, at all times material herein, an employee who was employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. § 652(5), (6).

(c)    On June 23, 2016, at Defendant's workplace, Mr. Longfellow's colleague, Steven Kunze ("Kunze"), threatened to shoot Mr. Longfellow during a verbal altercation. Mr. Longfellow previously heard Kunze tell employees that he pulled a gun on a person in the past and believed Kunze brought his gun to work and showed his colleagues.

(d)    On June 24, 2016, Mr. Lonfellow sent a phone text message to Defendant Craig Swanson stating he did not feel safe at work.

---

[1] Because the Secretary is prosecuting this civil action pursuant to the Department of Labor's police and regulatory power under Section 11(c) of the Occupational Safety and Health Act of 1970, the Secretary's action will be "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," and it is therefore excluded from the operation of the automatic stay provisions of the Bankruptcy Code pursuant to 11 U.S.C. § 362(b)(4). The Secretary's efforts to enforce any monetary portion of any judgment obtained against Defendant Scott Swanson will be consistent with the Bankruptcy code.

(e) On June 24, 2016, Mr. Longfellow reported Mr. Kunze's threat to the St. Croix County Sherriff Office and the Star Prairie Police Department.

(f) On June 24, 2016, Kunze spoke with the Star Prairie Police Department and told an officer that Mr. Longfellow should not come to work the next work day because something might happen to him. Kunze also stated that he would not shoot Mr. Longfellow because he did not want to spend the rest of his life in prison, but a night or two in jail would be no big deal.

(g) On or about June 24, 2016, Defendants learned that Mr. Longfellow reported Kunze's threatening remarks to law enforcement.

(h) On June 27, 2016, Defendant terminated Longfellow's employment through a text message from Defendant Craig Swanson stating, "…. there is no way we can hire a security guard and this got out of hand no one talked about guns best thing I can do is lay you off. Scott will have your check and cds later today. Since [your] not here now."

(i) On June 27, 2016, Kunze was arrested after admitting to law enforcement, *inter alia,* that he may have threatened to shoot Mr. Longfellow during the June 24, 2016 verbal altercation.

**IV.**

(a) On July 7, 2016, Mr. Longfellow filed a timely complaint with Plaintiff, alleging that Defendants discriminated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), by terminating him for engaging in the protected activities described in paragraphs III above.

(b) Plaintiff thereafter investigated said complaint in accordance with Section 11(c)(2) of the Act and determined that Defendants violated Section 11(c)(1) of the Act.

**V.**

Because of Mr. Longfellow's workplace safety complaints to his supervisors and local law enforcement, Defendants discriminated against Mr. Longfellow by discharging him from employment. Defendants have failed and refused and continue to fail and refuse to reinstate Mr. Longfellow and compensate him for the time he should have continued to work for Defendants.

**VI.**

By the acts described in Paragraphs III and V above, Defendants did knowingly or maliciously discriminate and is discriminating against Mr. Longfellow, because of his exercise of rights under, or related to, the Act. Defendants thereby engaged in, and are engaging in, conduct in violation of Section 11(c) of the Act, 29 U.S.C. § 660(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment:

A. Permanently enjoining and restraining Defendants, its officers, agents, servants, employees and those persons in active concert or participation with it, from violating the provisions of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c);

B. Ordering Defendants to make Jason Longfellow whole by (1) offering reinstatement to Mr. Longfellow to his former position, or in lieu of reinstatement, providing him with front pay in an amount to be determined at trial; (2) reimbursing Mr. Longfellow for lost wages and benefits that resulted from his termination, with interest thereon from the date due until paid; and (3) expunging from all personnel and company records references to the circumstances giving rise to Mr. Longfellow's unlawful termination;

C. Ordering Defendants to make Jason Longfellow whole by providing compensation to reimburse for any costs, expenses, and/or other pecuniary losses he incurred as a result of Defendants' discriminatory actions;

D. Ordering Defendants to make Jason Longfellow whole by providing compensation for non-pecuniary losses, including emotional pain and suffering;

E. Ordering Defendants to pay additional compensation to Jason Longfellow as exemplary or punitive damages in an amount to be determined at trial;

F. Ordering the posting of notice for employees stating that Defendants will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act, 29 U.S.C. § 660(c);

G. Awarding Plaintiffs the costs of this action; and

H. Ordering such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
Eighth Floor
230 S. Dearborn Street
Chicago, Illinois  60604
Telephone:  312/353-4995
patterson.jason@dol.gov
Facsimile: 312/353-5698

 s/ R. Jason Patterson
**R. JASON PATTERSON**
Trial Attorney

Attorneys for **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff