UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor

Plaintiff,

v.

ADHERENCE FINISHING, INC.,
CRAIG SWANSON, Individually,
and SCOTT SWANSON, Individually

Defendants.

Civil Action No.: 3:18-cv-509

## CONSENT JUDGMENT AND ORDER

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, (hereinafter "Secretary") pursuant to his authority under the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 651 et seq. (hereinafter referred to as "the Act"), has filed an action for injunctive and other appropriate relief against Defendants **ADHERENCE FINISHING, INC., CRAIG SWANSON**, an individual and **SCOTT SWANSON**, an individual (hereinafter collectively "Defendants"). Defendants and the Secretary agree to resolve all maters in controversy in this action and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

1

A. The Secretary's Complaint in Civil Action No. 18-CV-509 [Dkt. # 1]("Complaint") alleges that Defendants did intentionally and unlawfully terminate the employment of its former employee, Jason Longfellow ("Mr. Longfellow") because of the exercise of rights secured by the Act, and thereby did engage in, and are engaging in conduct which violates Section 11(c)(1) of the Act.

B. The Secretary's Complaint further alleges that, as a result of Defendants' unlawful discrimination, Mr. Longfellow incurred damages of loss of salary, benefits, and compensation; emotional pain and suffering; and damage to his professional and personal reputation.

C. Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

D. Defendants deny the allegations in the Complaint and nothing in this Consent Judgment shall be deemed an admission by Defendants of the allegations contained within the Complaint.

E. Defendants hereby expressly waive any and all claims of whatsoever nature that it has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution and maintenance of this civil action or any other proceeding and investigation incident thereto.

F. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding on any government agency or

a. Defendants certify, pursuant to 28 U.S.C. § 1746 that in fact Defendants are presently unable to pay the full remedy amount of $50,000. Defendants specifically acknowledge that the Secretary expressly relied upon the written financial information Defendants provided and that the submission of this information is a necessary and material condition precedent and inducement to the Secretary's agreement to the terms reflected herein this Agreement.

b. Defendants Adherence Finishing, Inc. and Craig Swanson shall make payment to Mr. Longfellow in the total amount of $26,500, representing back wages minus appropriate payroll deductions for the employee's share of taxes, which shall be reported to the Internal Revenue Service on a Form W-2.

c. Defendants Adherence Finishing, Inc. and Craig Swanson shall make installment payments in accordance with the following schedule:

1. $1,000 shall be paid within thirty (30) calendar days of the entry of this Order.

2. Defendants Adherence Finishing, Inc. and Craig Swanson shall pay a second installment of $1,000 within thirty (30) calendar days of the first payment of $1,000.

3. Defendants Adherence Finishing, Inc. and Craig Swanson shall pay $1,500 within ninety (90) calendar days following the second installment of $1,000 and shall pay $1,500 within every subsequent ninety (90) calendar days thereafter until the balance of $26,500 has been paid in full. In the event a payment due date

4

under this paragraph falls on a weekend/holiday, the payment shall be due on the next Monday following the weekend/holiday.

4. Defendants Adherence Finishing, Inc. and Craig Swanson shall send payment to Regional Investigator, U.S. Department of Labor, OSHA, 1310 W. Clairemont Ave., Eau Claire, WI 54701.

d. Defendants Adherence Finishing, Inc. and Craig Swanson shall pay the balance due under this agreement 100% of any bequest, inheritance, gifts (over $10,000), lottery and gambling winnings over $10,000, or proceeds of any life insurance policy Defendants may receive within thirty (30) calendar days of receipt.

e. Defendants Adherence Finishing, Inc. and Craig Swanson further agree that if any payment is more than ten (10) business days late, the full amount of $26,500, less any amounts already paid, shall be immediately due and owing.

f. Defendants Adherence Finishing, Inc. and Craig Swanson agree that during the time of the payment period set forth in Paragraph 3c above, or until payment to Mr. Longfellow is made in full, whichever occurs first, if the Secretary obtains information indicating that the Defendants did not fairly and accurately represent their financial status and their inability to pay to the Secretary, the entire remedy amount of $50,000 (less any payments previously made) becomes immediately due and payable to Mr. Longfellow. The invocation of this acceleration clause is at the sole discretion of the Secretary.

g. If Defendants Adherence Finishing, Inc. and Craig Swanson fail to make these payments within the timeframe set forth above, any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as

5

required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. Defendants also understand and agree that the Secretary will pursue any additional enforcement of this Agreement it deems necessary including any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

    h.  Defendant Craig Swanson, as sole owner/member of Swanson Holdings, LLC, agrees that Plaintiff shall have a lien on the properties Swanson Holdings, LLC owns located at 2267 80th Street, New Richmond, WI, 54017, Parcel Nos. 038-1028-90-110 and 038-1029-20-000 ("Property"). This lien shall secure Defendants' indebtedness under this Consent Judgment. No additional secured interest on this Property shall be recorded until payment is made in full to Mr. Longfellow under this Consent Judgment. Defendant Craig Swanson agrees to record the Security Agreement attached hereto as **Attachment "A"** in accordance with the laws of the State of Wisconsin within forty-eight (48) hours of the entry of this Consent Order and Judgment by the Court. Within seven (7) calendar days after the Security Agreement is recorded with the State of Wisconsin, Defendant Craig Swanson shall provide a filed-stamped copy to the United States Department of Labor, Office of the Solicitor, 230 South Dearborn, Chicago, IL 60604 Attn: Barbara Goldberg. If Defendant Craig Swanson fails to record the Security Agreement as referenced above, the entire full amount of $26,500 (minus payments made pursuant to this Consent Order and Judgment) shall immediately become due and payable together with post-judgment interest pursuant to 28 U.S.C. §1961. The Security Agreement is

incorporated into the terms of this Consent Order and Judgment consistent with Fed. R. Civ. P. 65(d). If the Property is marketed for sale, one (1) week before the closing Defendant Craig Swanson shall notify in writing the Regional Investigator of the time, date, and location of the closing. Further, all proceeds received from the sale of the Property shall at the time of closing be transferred to the extent necessary to pay the remaining balance owed pursuant to this Consent Order and Judgment.

    i.  Defendants, its agents, employees or representatives agree to promptly [no later than five (5) business days after the Court's entry of this Consent Order and Judgment] remove and expunge from Mr. Longfellow's personnel record any and all company records all references to any disciplinary action, including termination, as described in the Complaint in this matter. Defendants agree to send a copy of Complainant's expunged personnel records to Mr. Longfellow on or before July 22, 2019.

    j.  If in the future any prospective employer requests a job reference for Mr. Longfellow, Defendants, their agents, employees, or representatives shall provide a written neutral job reference. Defendants, their agents, employees or representatives, will provide, if requested, the starting and ending dates of Mr. Longfellow's employment and job title, as requested by the person or entity seeking said employment reference. Defendants agree that nothing will be said or conveyed to any third party that could be reasonably construed as damaging the name, character, or employment of Mr. Longfellow.

    k.  Within seven (7) calendar days of the Court's entry of this Consent Order and Judgment, Defendants agree to post the OSHA Job Safety and Health: It's the Law poster (OSHA 3165), as well as the OSHA Fact Sheet: Your Rights as a Whistleblower, at its New

7

Richmond, Wisconsin facility where each can be seen and is easily readable in compliance with 29 C.F.R. 1903.2. The notice shall remain posted for a period of sixty (60) calendar days.

1. Defendants and their agents, servants, employees and all persons in active concert or participation with them, are hereby enjoined and restrained from failing to comply with the terms of Paragraph 3 of this Consent Judgment and Order.

4. Defendants and their agents understand and agree that they are required by law to comply with the provisions of Section 11(c)(1) of the Act and shall not discriminate against, interfere with, restrain, or coerce any employee because such employee has filed any complaint or has instituted or caused to be instituted any proceeding under the jurisdiction of the Occupational Safety and Health Administration, or has testified or is about to testify in any such proceedings or because of the exercise of such employee on behalf of himself or other of any rights affected by the Acts.

5. Each party agrees to bear its own costs, attorney's fees and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, all costs referenced under the Equal Access to Justice Act, as amended.

**FURTHER,** this Court shall retain jurisdiction of this matter to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

Dated _____July 12_____, 2019

_____
United States District Court Judge

_____
Peter A. Oppeneer
Clerk of Court

_____July 15, 2019_____
Date

8

The parties, by themselves or their undersigned Counsel, hereby consent to the entry of this Consent Judgment and Order:

RESPECTFULLY SUBMITTED,

Dated this 11th day of J~~une~~ July 2019

For the Defendants

Defendants

By: _____

_____

Approved as to Form:

Weld Riley, S.C.

By: _____ [signature]
Brian T. Symes
State Bar No. 1075961

For the Plaintiff

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

By: _____ [signature]
David Tanury  630 7149
Trial Attorney, U.S. Department of Labor
230 S. Dearborn Street, STE. 844
Chicago, IL 60604
(312) 353-5738

Approved as to substance:

COHERENCE FINISHING, INC.

_____ [Signature]

As: MANAGER [Title]

CRAIG SWANSON [Printed name]

CRAIG SWANSON, Individually

_____ [signature]

SCOTT SWANSON, Individually

_____ [signature]

9